Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| MIKAYLA McNEA and XAVIER GILES, | ) | CV- |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT and** |
| v. | ) | **JURY DEMAND** |
| | ) | |
| TYLER BRANT; STATE OF MONTANA; | ) | |
| GALLATIN COUNTY; and DOES 1-10. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**INTRODUCTION**

1. This is an action for deprivation of civil rights under color of law, and for negligence, and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants.

COMPLAINT            PAGE 1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. Plaintiffs also seek redress for violations of protections afforded them under the Montana Constitution.

3. Jurisdiction for state law claims against all Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. § 1367.

4. Venue in this case is proper under 28 U.S.C. § 1391 and LR 1.2. Gallatin County is located in the Butte Division of the United States District Court for the District of Montana. The events giving rise to the claims in this case occurred in this judicial district.

5. Plaintiffs provided notice of the claims in this Complaint to the Department of Administration pursuant to MCA §2-9-301. The Department of Administration acknowledged receipt on January 29, 2020.

## THE PARTIES

6. Plaintiff Mikayla McNea is a citizen of the State of Colorado.

7. Plaintiff Xavier Giles is a citizen of the State of Colorado.

8. Based on information and belief, Defendant Brant is a citizen of the State of Montana. Defendant Brant was an employee of the Montana Highway Patrol at

all times pertinent to this matter. He is sued in both his individual and official capacities.

9. Defendant State of Montana is a political subdivision of the United States.

10. Defendant Gallatin County is a governmental subdivision of the State of Montana pursuant to MCA §7-1-2101 et seq.

11. Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiffs and their counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiffs may have contributed to or be responsible for the injuries alleged in this Complaint. The true names and capacities of the Doe Defendants will be substituted as they become known.

**FACTUAL ALLEGATIONS**

12. On December 9, 2019, at about 5:00 p.m., Mikayla McNea and Xavier Giles were driving in separate vehicles westbound on Interstate 90 near Bozeman, Montana.

13. Defendant Brant was on duty in his patrol car in the median between the eastbound and westbound traffic.

14. After Mikayla and Xavier drove past Defendant Brant, Defendant Brant immediately entered the roadway with his vehicle and closely followed Mikayla for several minutes, closely followed Xavier for several minutes, then accelerated past both Mikayla and Xavier.

15. Defendant Brant then drove into the righthand lane of traffic and slowed down.

16. When Xavier caught up to Defendant Brant and passed him, Defendant Brant cut between Xavier and Mikayla, activated his lights, and pulled Xavier over.

17. Mikayla also pulled over about two car lengths behind Defendant Brant's vehicle.

18. Another officer (Officer #2) pulled his vehicle over behind Mikayla's vehicle, approached Mikayla's vehicle on foot, and requested her identification.

19. Officer #2 asked Mikayla why she was in Montana and if she had anything he should be worried about in her car.

20. Mikayla told Officer #2 that she had a Swiss army knife, and that she and Xavier were relocating to Montana from Colorado because Xavier had a new job as a corrections officer at Montana State Prison.

21.     Officer #2 then returned to his vehicle with Mikayla's driver's license.

22.     Defendant Brant then approached Mikayla on foot and asked Mikayla why Xavier had an attitude and was being rude, if Xavier had any weapons in his vehicle, and why Mikayla and Xavier had walkie-talkies.

23.     Mikayla told Defendant Brant that if Defendant Brant was being rude and disrespectful to Xavier, Defendant Brant could expect that Xavier would be disrespectful in return.

24.     Mikayla told Defendant Brant that Xavier did not have weapons in his vehicle and that they used walkie-talkies to communicate with each other.

25.     Defendant Brant asked Mikayla to accompany him to Xavier's vehicle, and Mikayla accompanied Defendant Brant to Xavier's vehicle.

26.     Defendant Brant told Xavier and Mikayla that a motorist had called in a complaint that two cars matching their cars were speeding and cutting in and out of traffic, but that Defendant Brant had pulled Xavier over for expired tags on his vehicle.

27.     Officer #2 escorted Mikayla back to her vehicle, and Defendant Brant escorted Xavier to Defendant Brant's vehicle.

28.     Defendant Brant called a K-9 unit to the scene.

29. Officer #2 asked Mikayla if the officers could take the dog around her vehicle. Mikayla told Officer #2 that she did not mind if the dog was taken around her vehicle.

30. The K-9 officer (Officer #3) arrived and deployed the dog.

31. Defendant Brant told Xavier that the dog "hit" on Xavier's vehicle.

32. Defendant Brant told Xavier that the officers wanted to search his vehicle.

33. Officer #3 asked Mikayla to sit in his vehicle. Defendant Brant approached Mikayla and asked her if Xavier was "legal here." Mikayla responded that Xavier had a Montana license. Defendant Brant then inquired if Xavier was legal "here in the United States." Mikayla responded that Xavier was born and raised in the United States.

34. Defendant Brant then inquired whether Xavier had gone to Mexico in the past, to which Mikayla responded that Xavier had not gone to Mexico in the seven years that they had been a couple.

35. Defendant Brant then inquired why Xavier would go to Mexico, and Mikayla responded that Xavier had family in Mexico, and his parents were both from Mexico.

36. Defendant Brant then asked why the dog would be interested in Mikayla's vehicle, and Mikayla responded that she had no idea.

37. Defendant Brant then asked for permission to search Mikayla's car, which Mikayla granted.

38. Defendant Brant then searched Xavier.

39. Xavier refused to give Defendant Brant permission to search Xavier's vehicle because there was no basis for a search.

40. Defendant Brant ordered both Mikayla's vehicle and Xavier's vehicle to be towed, and officers transported Mikayla and Xavier to a hotel.

41. The next day, December 10, 2019, Mikayla called the Montana Highway Patrol and inquired when she and Xavier would get their vehicles back. She was told the Defendant Brant would call when the vehicles were ready to be released.

42. At or about 10:20 p.m. on December 10, 2019, Defendant Brant called and told Mikayla and Xavier that the cars were being released. Mikayla asked Defendant Brant to give them a ride to the place where the vehicles were located, and Defendant Brant said he would send a trooper over to transport them.

43. At or about 11:07 p.m. on December 10, 2019, a female trooper arrived, searched Mikayla and Xavier, placed them in her vehicle, and transported them to the lot where the vehicles were located.

44. Mikayla and Xavier discovered that the vehicles had been ransacked and several items of personal property had been destroyed, and that the vehicles had

numerous new dents, scratches, and scuffs on the exteriors, and damage to the seats, wiring, lights, and center console on the interiors, and that tape had been affixed to various locations o the vehicles, marring the paint on the vehicles.

45. Xavier and Mikayla drove their vehicles back to the hotel and left Bozeman early on December 11.

46. The next morning a Montana Highway patrol officer stopped Xavier and

47. Because of the treatment they received from Defendants, Xavier and Mikayla decided they would not relocate to Montana.

## COUNT 1

## VIOLATION OF CONSTITUTIONAL RIGHTS

48. Mikayla and Xavier hereby incorporate all paragraphs of this Complaint.

49. As a result of Defendants' actions under color of law related to illegal detention of Mikayla and Xavier and illegal seizure of their property, Mikayla and Xavier were was deprived of their rights under the United States Constitution.

50. At all times in which they interacted with Mikayla and Xavier, Defendants acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of Gallatin County and the State of Montana.

51. Defendant Brant, while acting under color of law, deprived Mikayla and Xavier of their civil rights under the Fourth Amendment to be free from detention

and arrest not based on probable cause, and to be free from unreasonable searches, and free from unreasonable seizures.

52. The acts and omissions of Defendant Brant and Doe Defendants, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

53. There was no basis to call for a K-9 search.

54. There was no probable cause to impound and search Mikayla's and Xavier's vehicles.

55. Defendant Brant's actions and the actions of the Doe Defendants were motivated by discriminatory racial animus.

56. Defendants Gallatin County and State of Montana established policies, customs, and practices that caused the violation of Mikayla's and Xavier's rights under the United States Constitution.

57.     Defendants Gallatin County and State of Montana failed to train, supervise, and discipline law enforcement officers employed by it with respect to investigating alleged criminal activity, probable cause, and investigating conduct of law enforcement officers.

58.     The policies, customs, and practices implicitly or explicitly adopted by Defendants Gallatin County and State of Montana regarding training, supervision, and discipline amounted to deliberate indifference to and conscious disregard of Mikayla's and Xavier's constitutional rights and ratification of violation of those rights. These policies, customs, and practices include, but are not limited to, the following:

>   Failing to adequately train, supervise, and control officers in proper communications with members of the public;

>   Failing to adequately train, supervise, and control officers in determination of probable cause and investigation of alleged criminal conduct;

>   Failing to discipline officers involved in abusing their authority; and

>   Condoning and encouraging officers in the belief that they can violate the rights of persons such as Mikayla and Xavier with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

59. The individuals who violated Mikayla's and Xavier's statutory and constitutional rights included officials with final policy-making authority, thus the constitutional violations were acts of official governmental policies.

60. Defendants Gallatin County and State of Montana, through their policies, ordinances, regulations, customs, official decisions, and failure to train, supervise, or discipline ratified the law enforcement officers' illegal detention of Mikayla and Xavier and illegal seizures of their property.

61. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Mikayla's and Xavier's constitutional deprivations, injuries, and damages. Mikayla and Xavier suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, apprehension, and economic damages, which have caused them to sustain damages in a sum to be determined at trial.

## COUNT 2

## NEGLIGENCE

62. Mikayla and Xavier hereby incorporate all paragraphs of this Complaint.

63. At all times pertinent to this Complaint, Defendant Brant, Doe Defendants, Defendant Gallatin County, and Defendant State of Montana were subject to a duty of care under state law in the exercise of the police function to protect Mikayla's and Xavier's constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care, and included negligent training, supervision, and discipline of law enforcement officers; negligent enactment, enforcement, and violation of law enforcement policies and procedures; negligent violation of Mikayla's and Xavier's constitutional, statutory, and common law rights; and negligent performance of official duties.

64. Among other duties, Defendants did not comply with the standard of care of reasonable law enforcement officers in their investigation and detention of Mikayla and Xavier, and detention of Mikayla's and Xavier's vehicles.

65. Defendants negligently caused damage to Mikayla's and Xavier's vehicles and personal property.

66. As a direct and proximate result of Defendants' negligence, Mikayla and Xavier suffered damages.

67. Defendant Gallatin County and Defendant State of Montana are responsible for the torts committed by their agents.

## COUNT 3

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Mikayla and Xavier hereby incorporate all paragraphs of this Complaint.

69. Doe Defendants and Defendant Brant maliciously engaged in outrageous conduct by detaining Mikayla and Xavier with no probable cause to do so, seizing their vehicles, and violating their constitutional rights.

70. Defendants' acts were intended to produce emotional distress. Defendants acted in deliberate and reckless disregard of a high degree of probability that emotional distress would result to Mikayla and Xavier from Defendants' actions.

71. Defendants' extreme and outrageous conduct has proximately caused Mikayla and Xavier to suffer severe emotional distress.

72. Defendants' intentional acts directly and proximately caused damages to Mikayla and Xavier.

## COUNT 4

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

73. Mikayla and Xavier hereby incorporate all paragraphs of this Complaint.

74. Severe emotional distress to Mikayla and Xavier was the reasonably foreseeable consequence of Defendants' negligent acts or omissions.

75. As a direct and proximate result of Defendants' negligent acts or omissions, Mikayla and Xavier suffered severe emotional distress.

76. Defendants' negligent acts directly and proximately caused damages to Mikayla and Xavier.

## COUNT 5

## MONTANA CONSTITUTIONAL RIGHTS

77. Mikayla and Xavier hereby incorporate all previous paragraphs.

78. Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Mikayla and Xavier have the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in their person, papers, home, and effects from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

79. Defendants' acts and omissions related to the incident involving Mikayla and Xavier on December 10-12, 2019 violated Mikayla's and Xavier's constitutional rights.

80. Mikayla and Xavier have the right to seek recourse against those who violate their constitutional rights.

81. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Mikayla's and Xavier's constitutional

deprivations, injuries, and damages, and Mikayla and Xavier are entitled to compensatory damages and attorneys' fees for Defendants' violations of their state constitutional rights.

## COMPENSATORY DAMAGES

82. As a direct result of Defendants' unlawful conduct, Mikayla and Xavier suffered violations of their constitutional rights as set forth above, and suffered damages, including, but not limited to, emotional distress, pain and suffering, loss of opportunity, property damages and loss, and economic damages.

## PUNITIVE DAMAGES

83. Mikayla and Xavier have filed this action against Defendant Brant and Doe Defendants in their individual and official capacities.

84. Defendant Brant and Doe Defendants acted knowingly, deliberately, intentionally, and maliciously without regard for Mikayla's and Xavier's rights, interests, and well-being.

85. Defendant Brant and Doe Defendants exhibited a reckless or callous disregard for Mikayla's and Xavier's constitutional, statutory, and common law rights; Defendants intentionally violated law; and/or Defendants' conduct was

precipitated by evil motive or intent. Accordingly, imposition of punitive damages is proper and warranted under 42 USC §§1983 and 1985.

86.	Defendant Brant's and Doe Defendants' actions were motivated by racial animus.

87.	Defendant Brant's and Doe Defendants' unlawful acts and omission were willful and/or reckless; Defendants deliberately acted with indifference to the high probability of injury to Mikayla and Xavier. Such conduct justifies the imposition of punitive damages under MCA §§ 27-1-220, 221 in the amount sufficient to punish Defendants and to serve as a warning to other persons and legal entities similarly situated that conduct of the kind engaged in by Defendant Brant and Doe Defendants is unacceptable in our society and will not be tolerated.

## ATTORNEYS' FEES

88.	Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees to Mikayla and Xavier if they prevail on claims asserted under 42 USC § 1983.

89.	Mikayla and Xavier are entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

## JURY DEMAND

Mikayla and Xavier demand a jury trial on all issues so triable.

**RELIEF**

WHEREFORE, Mikayla and Xavier respectfully request this Court to grant the following relief:

1. For damages in a reasonable amount to compensate them fully for deprivation of their constitutional rights;

2. For damages in a reasonable amount to compensate them fully for their damages, including emotional distress;

3. For punitive damages in an amount sufficient to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated;

4. For declaratory and injunctive relief;

5. For attorneys' fees;

6. For reimbursement of costs and expenses of suit; and

7. For such further relief as the Court deems fair and just.

Dated this 9th day of July, 2020.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

Attorneys for Plaintiff